PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

# IN THE UNITED STATES DISTRICT COURT

FOR THE __Eastern__ DISTRICT OF TEXAS

__Tyler__ DIVISION

## PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

__Edward Kyle Byrd__
PETITIONER
(Full name of Petitioner)

__H.H. Coffield T.D.C.J-ID Unit__
CURRENT PLACE OF CONFINEMENT

vs.

__1963240__
PRISONER ID NUMBER

__Lori Davis__
RESPONDENT
(Name of TDCJ Director, Warden, Jailor, or authorized person having custody of Petitioner)

6:20CV396 JDK/KNM
CASE NUMBER
(Supplied by the District Court Clerk)

---

### INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5.     A separate petition must be filed to challenge a judgment entered by a different state court.

6.     Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7.     Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8.     Failure to notify the court of your change of address could result in the dismissal of your case.

---

## PETITION

**What are you challenging?** (Check all that apply)

- [x] A judgment of conviction or sentence, probation or deferred-adjudication probation.   (Answer Questions 1-4, 5-12 & 20-25)
- [ ] A parole revocation proceeding.   (Answer Questions 1-4, 13-14 & 20-25)
- [ ] A disciplinary proceeding.   (Answer Questions 1-4, 15-19 & 20-25)
- [ ] Other: _____   (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**

**Note:** In answering questions 1-4, you must give information about <u>the conviction for the sentence you are presently serving</u>, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1.  Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: _____

    29th District Court, Palo Pinto, Texas

2.  Date of judgment of conviction: October 29, 2014

3.  Length of sentence: 25 years aggravated

4.  Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: 15299 Aggravated Kidnapping

5. What was your plea? (Check one)   ☐ Not Guilty   ☑ Guilty   ☐ Nolo Contendere

6. Kind of trial: (Check one)   ☐ Jury   ☑ Judge Only

7. Did you testify at trial?   ☐ Yes   ☑ No

8. Did you appeal the judgment of conviction?   ☑ Yes   ☐ No

9. If you did appeal, in what appellate court did you file your direct appeal? __NA__

   Cause Number (if known): _____

   What was the result of your direct appeal (affirmed, modified or reversed)? __NA__

   What was the date of that decision? __NA__

   If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

   Grounds raised: __NA__

   Result: _____

   Date of result: __NA__   Cause Number (if known): __NA__

   If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

   Result: __NA__

   Date of result: __NA__

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.   ☑ Yes   ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: __29th District Court - Court of Criminal Appeals__

    Nature of proceeding: __Writ of habeas corpus 11.07__

    Cause number (if known): __Trial Court 15299A - CCA NO. WR-88,401-01__

-3-

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court: Trial court 12-28-2017 / CCA 3-7-2018

Grounds raised: Double jeopardy, Constructive denial of counsel, coercion, mental health guilty plea not knowingly/voluntary, failure to file appeal, IAC, cell phone records modification of plea, safe-release, lesser included offense, deadly weapon

Date of final decision: 10-3-2018

What was the decision? Order issued citing abuse of writ

Name of court that issued the final decision: Court of Criminal appeals

As to any second petition, application or motion, give the same information:

Name of court: NA

Nature of proceeding: NA

Cause number (if known): NA

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court:
NA

Grounds raised: NA

Date of final decision: NA

What was the decision? NA

Name of court that issued the final decision: NA

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?  ☐ Yes  ☑ No

(a) If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: 
NA

(b) Give the date and length of the sentence to be served in the future:
NA

-4-

(c) Have you filed or do you intend to file any petition attacking the judgment for the sentence you must serve in the future?   ☐ Yes   ☒ No

**Parole Revocation:**

13. Date and location of your parole revocation: _____NA_____

14. Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?   ☐ Yes   ☒ No

    If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon?   ☐ Yes   ☐ No

16. Are you eligible for release on mandatory supervision?   ☐ Yes   ☒ No

17. Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation: _____NA_____

    Disciplinary case number: _____NA_____

    What was the nature of the disciplinary charge against you? _____NA_____

18. Date you were found guilty of the disciplinary violation: _____NA_____

    Did you lose previously earned good-time days?   ☐ Yes   ☒ No

    If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing: _____NA_____

    Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status: _____NA_____

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?   ☐ Yes   ☒ No

    If your answer to Question 19 is "Yes," answer the following:

    Step 1 Result: _____NA_____

-5-

Date of Result: _____ NA

Step 2 Result: _____ NA

Date of Result: _____ NA

**All petitioners must answer the remaining questions:**

20. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

   <u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

A. **GROUND ONE:** Double jeopardy

   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

   On April 3, 2014 a complaint, information, and presentment was filed as cause no. 15283 Agg Kidnapping. Applicant was currently confined for said charge. On April 11, 2014 applicant appeared in Court and entered a not guilty plea through Counsel Kenneth Tarlton. Trial was set for 10-6-2014, a plea agreement was signed on 10-22-14 for cause 15283, which had been dismissed on 9-16-2014. Applicant was also answering to Indictment 15399 which had been filed on 5-22-2014, it was also penal code 20.04, same event. Another plea was signed on 10-29-14

B. **GROUND TWO:** failure to investigate and present evidence of mental Health

   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

   Applicant has suffered from a lifetime of mental illness. No documentation was presented by Counsel, no investigation was performed after Counsel was made aware of said history. Applicant provided documented evidence of prior history with his writ of habeas. All was readily available to counsel at the time of trial. Counsel simply failed to investigate and relied on a court doctor instead of applicants extensive documented mental health history.

-6-

C. **GROUND THREE:** failure to investigate Cell phone records

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Applicant stated to Counsel and Judge Michael Moore, in open court on April 11, 2014 that his cellphone which was in complaintants possession, would prove his innonce as the phone maintained weeks of messages between applicant and complaint, including the day in question. Had the messages been retrieved before being destroyed, the charges against applicant could not have stood.

D. **GROUND FOUR:** failure to file an Appeal

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Applicant sent a letter to Counsel requesting an appeal, counsel altered letter and used it to have applicant cited. Counsel refuses to provided the original letter sent to him, and refuses to answer as to it's location. Applicant maintains a copy made by Palo Pinto County Jail staff that clearly shows applicant requested an appeal

21. Relief sought in this petition: _____

Applicant seeks to have judgement reversed, be immediatly released from confinement, complete dismissal of cause no. 15299 without prejudice, and full expungement of criminal record of cause no. 15299 and 15283.

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition? ☐ Yes ☑ No
If your answer is "Yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

NA

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?   ☐ Yes   ☑ No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition?
☐ Yes   ☑ No

If your answer is "Yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

NA

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☑ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. _____ NA _____

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing: Kenneth N. Tarlton  601 Sw 1st St, mineral wells, Tx 76067

    (b) At arraignment and plea: Kenneth N. Tarlton - 601 Sw 1st St - mineral wells, Tx 76067

    (c) At trial: NA

    (d) At sentencing: NA

    (e) On appeal: NA

    (f) In any post-conviction proceeding: NA

(g)     On appeal from any ruling against you in a post-conviction proceeding: _____

_____ NA _____

**Timeliness of Petition:**

26.     If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

See attached

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

    (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____
Signature of Attorney (if any)

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

__July 8, 2020_____ (month, day, year).

Executed (signed) on ___July 8, 2020_____ (date).

_____Edward Ky Bul_____
Signature of Petitioner (required)

Petitioner's current address: __2661 fm 2054_____

__Tennessee Colony, TX 75884_____

Timeliness of Petition

Answer to question Number 26

Applicant requested an appeal on Nov 5, 2014
Applicant requested documents from counsel on June 2, 2014 &
                                                June 6, 2014
Applicant requested records from jail on Sept 2, 2014
Applicant requested documents from counsl on Oct. 25, 2014
                                        Nov. 5, 2014
                                        Feb. 17, 2015
                                        May 15, 2015
                                        Aug 19, 2015
                                        Nov 10, 2015
                                        March 28, 2016
                                        May 2, 2016 &
                                        July 20, 2016
Applicant requested records from Palo Pinto County jail on
                                        April 21 2017
                                        May 2 2016 &
                                        July 20, 2016
Applicant requested records from District Attorney on Oct. 24 2014
                                        March 28 2016
                                        May 2, 2016
                                        Sept. 9, 2016 &
                                        Dec 7, 2016
Applicant requested records from Judge Michael Moore on
                                        Dec 5, 2016
                                        Nov. 2, 2014
                                        Oct 24, 2014
                                        Sept 24, 2014
                                        Sept 20 2014
                                        Aug 18, 2014
                                        Oct. 18, 2014
                                        Sept 1, 2014 &
                                        April 28, 2014
Applicant requested records from District Clerk on

Timeliness of Petition

Answer to question Number 25 (cont.)

Applicant requested records from District Clerk on (restated)
    May 31, 2016
    Sept 9, 2016
    Nov 18, 2016 &
    Nov. 23, 2016

Applicant requested records from Palo Pinto General hospital
    Aug   , 2016 &
    Sept. 25, 2016

Applicant filed a motion for transcripts Dec. 7 2016

Applicant requested records from District Clerk on
    April 21, 2017
    March 21, 2016
    Aug. 14, 2017
    June 17 2019
    May 4, 2018
    April 22, 2019
    July 30, 2019
    Oct. 11, 2019
    July 10, 2019

Applicant requested records from Court Reporter on
    March 30, 2016
    April 13, 2016
    July 10, 2019
    Dec. 6, 2019
    Oct. 29, 2019 &
    Jan 2, 2020

Applicant requested records from the Court of Criminal Appeals on
    June   , 2019

who finally told Applicant that his case had been decided on Oct. 3, 2018 Applicant has sent more than 50 requests to various laywers and innocence projects in the past year alone. No access to law library in 2014, approx. 3 months of 2015 due to lack of staff and lock downs, 2016 3 lockdowns, transfer which caused loss of property for sometime. In 2017 I filed an 11 07 and began waiting (waited most of 2017 June 18 for Palo Pinto County to hold an evidentary hearing). In 2018 I got no response from inquires. I was finally notified of the judgment in June 2018.

-13-

Timeliness of Petition

Answer to question Number 26 (cont.)

I sent multiple letters to courts requesting documents and to appeal judgment. In 2019 I spent most of it trying to get an appeal on the judgment and records. In March 2020 I have been on limited movement and lockdown, so I have had no access to the law library.