IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| EDWARD KYLE BYRD, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-CV-789-P |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

## ORDER PERMITTING PROCEEDING IN THE DISTRICT COURT
and
## ORDER TO SHOW CAUSE, NOTICE, AND INSTRUCTIONS TO PARTIES

This § 2254 habeas petition brought by Petitioner, a state prisoner, was transferred to this division by the Tyler division. Order, ECF No. 4.

(  ) The $5.00 filing fee for habeas petitions has been tendered.

( **X** ) Petitioner's application to proceed *in forma pauperis* is granted.[1] Appl., ECF No. 2.

It is therefore **ORDERED** that the parties shall comply with the following directives and the clerk of Court shall take the action indicated below:

You will take notice that a "Petition For a Writ of Habeas Corpus by a Person in State Custody," numbered and styled as above, has been filed in this Court pursuant to the provisions of 28 U.S.C. § 2254. Pleadings and briefs are required or permitted as follows:

RESPONDENT'S ANSWER.  Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, Respondent is directed to file an answer to this petition within <u>60 days</u> of the date of this order, answering in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. <u>If Respondent believes the petition is wholly barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or the statute of limitations, he may file a preliminary answer asserting any such bar prior to answering on the merits.</u>

REPLY.  Pursuant to Rule 5(e) of the Rules Governing Section 2254 Cases, Petitioner may file a reply within <u>30 days</u> from the date of service of Respondent's answer, motion, or other pleading.

---

[1] Although Petitioner did not file a form application to proceed *in forma pauperis,* he filed a copy of the prison's "In-Forma-Pauperis Data" reflecting the amount in his inmate trust account. The document is construed as an application to proceed *in forma pauperis.*

BRIEFS. Briefs, as required or permitted by the provisions of this paragraph, should comply with the 25-page limitation under Local Rule 7.2(c) and should be submitted on letter size paper and double spaced. Each argument with supporting citations advanced in the brief should clearly specify the specific ground of the motion or numbered paragraph of the pleading it seeks to support or oppose. Briefs are required or permitted as follows:

1. Respondent's brief. Respondent may file such brief as he may deem appropriate.
2. Reply brief. A reply brief is not required. However, in any case in which Respondent has filed a brief, a reply brief limited to 10 pages may be filed by Petitioner, should he wish to do so, within a period of 30 days following service of Respondent's brief. Each paragraph of such reply brief must specify the precise paragraph or part of Respondent's brief to which reply is being made, and must be limited to a reply to Respondent's argument. Under no circumstances will any statement or argument set forth in an original or reply brief be considered as a part of the pleadings so as to advance new grounds for relief or to supplement any grounds or supporting facts set out in the petition.

In every case a copy of the petition, pending motions, and any orders shall be served on the Attorney General, counsel for the State of Texas, by electronic means.[2] N.D. Tex. L. Civ. R. 5.1(e). In every case a copy of any brief, pleading, motion or order shall be mailed to Petitioner, if *pro se*, or served electronically on counsel for Petitioner. *Id.*

**SO ORDERED** on this 30th day of July, 2020.

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE

---

[2] Based upon communication with the Texas Attorney General's Office, this Court will not serve copies of the petition, attachments, pending motions, and orders upon Director Stephens. Instead, copies of the petition, attachments, pending motions and orders will be served electronically upon the Texas Attorney General, counsel for the Director, and will be directed to the attention of Edward Marshal, Chief, Criminal Appeals Division, Office of the Attorney General of Texas, Austin, TX 78711-2548. *See* Fed. R. Civ. P. 5(b)(2)(E).