IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| EDWARD KYLE BYRD, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-CV-789-P |
| | § | |
| BOBBY LUMPKIN, Director,[1] | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Edward Kyle Byrd, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice, against Bobby Lumpkin, director of that division, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time barred.

**I. BACKGROUND**

On October 29, 2014, in Palo Pinto County, Texas, Case No. 15299, Petitioner pleaded guilty pursuant to a plea agreement to aggravated kidnapping and was sentenced to

---

[1] Bobby Lumpkin has replaced Lorie Davis as director of the Correctional Institutions Division of the Texas Department of Criminal Justice and is automatically substituted as the party respondent. FED. R. CIV. P. 25(d).

25 years' confinement and assessed a $3500 fine. SHR[2], Part 4, 31,[3] ECF No. 11-12. Petitioner did not appeal his conviction, but he did file a post-conviction state habeas-corpus application challenging his conviction on December 19, 2017, which was denied by the Texas Court of Criminal Appeals as an abuse of the writ.[4,5] *Id.,* Part 1, at 27, ECF No. 11-9; Order 2, ECF No. 11-2. This federal habeas-corpus petition was filed on July 8, 2020.[6] Pet. 6-7, 10, ECF No. 1. Respondent asserts that the petition is an abuse of the writ and barred by the federal statute of limitations. Resp't's Preliminary Answer 1, ECF No. 12.

## II.  LEGAL DISCUSSION

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1)  A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitations period shall run from the latest of–

---

[2] "SHR" refers to the state court record of Petitioner's relevant state habeas proceeding in WR-88,401-01.

[3] The state court record is not paginated; therefore, the pagination in the ECF header is used.

[4] A state prisoner's pro se state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Petitioner's application does not provide that information, however he signed the "Inmate's Declaration" on December 19, 2017. Thus, the application is deemed filed on that date.

[5] The state application was dismissed as an abuse of the writ because Petitioner submitted a falsified document in support of the application. Order 2, ECF No. 11-2.

[6] A prisoner's pro se federal habeas petition is also deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

      (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

      (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the one-year limitations period began to run on the date the judgment of conviction became final upon expiration of the 30-day period Petitioner had for filing a notice of appeal on November 28, 2014, and expired one year later on Monday, November 30, 2015.[7] TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998). Thus, Petitioner's federal petition was due on or before November 30, 2015, absent any tolling.

---

[7]November 28, 2015, was a Saturday.

Tolling of the limitations period may be appropriate under the statutory-tolling provision in § 2244(d)(2) and/or as a matter of equity. Petitioner's post-conviction state habeas application filed on December 19, 2017, after the limitations period had already expired, did not operate to toll the limitations period for purposes of § 2244(d)(2). *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Therefore, the petition is untimely unless equitable tolling is justified.

Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner or he can prove that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner fails to present any new evidence to satisfy the actual-innocence exception nor has he demonstrated that equitable tolling is justified. He relies on his difficulty obtaining copies of his state court records, late notice of the state court's disposition of his state habeas application, transfers, and prison lockdowns to justify his delay. Pet. 11-13, ECF No. 1. However, such circumstances are often common problems for inmates seeking post-conviction relief. *See, e.g., Madis v. Edwards,* 347 Fed. App'x 106, 108 (5th Cir. 2009) (providing transfers between units, separation from legal materials, and administrative segregation are not rare or exceptional circumstances meriting equitable tolling); *Dodd v. United States,* 365 F.3d 1273, 1283 (11th Cir. 2004) (providing "[l]ockdowns and periods in which a prisoner is separated from his legal papers are not 'exceptional circumstances' in

4

which equitable tolling is appropriate"). And, to the extent such circumstances may justify equitable tolling, he presents no evidence in support of his bald assertions.

Therefore, because Petitioner fails to demonstrate that any tolling of the limitations period is applicable, his federal petition was due on or before November 30, 2015. Accordingly, his petition filed on July 8, 2020, is untimely.

## III.  CONCLUSION

For the reasons discussed, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** as time barred. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 12th day of November, 2020.

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE